**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50083 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01043-DMS |
| v. | |
| PEDRO GOMEZ-PENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Pedro Gomez-Pena appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez-Pena challenges the district court's within-Guidelines sentence,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

claiming that the court's consideration of his prior sentences was procedurally erroneous because it improperly incorporated the concept of punishment into the revocation sentence. We review for harmlessness, *see United States v. Grissom*, 525 F.3d 691, 696 & n.2 (9th Cir. 2008), and find no error. The district court properly considered Gomez-Pena's prior sentences as part of its evaluation of his history and characteristics and the need for deterrence. *See* 18 U.S.C. § 3583(e); *United States v. Simtob,* 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Gomez-Pena next argues that the district court procedurally erred by failing to address his arguments for a shorter sentence due to his age and medical conditions. We review for plain error, *see United States v. Bonilla-Guizar,* 729 F.3d 1179, 1187 (9th Cir. 2013), and find none. The record reflects that the district court considered Gomez-Pena's mitigating arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Finally, Gomez-Pena contends that his sentence is substantively unreasonable as a result of the alleged procedural errors. The district court did not abuse its discretion in imposing Gomez-Pena's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the top of the Guidelines range is

14-50083

substantively reasonable in light of the totality of the circumstances and the section 3583(e) factors, including the need for deterrence and Gomez-Pena's breach of the district court's trust. *See Gall*, 552 U.S. at 51; *Simtob*, 485 F.3d at 1062-63.

**AFFIRMED.**